MARK REICHEL State Bar No. 155034
mark@reichellaw.com
455 Capitol Mall
8th Floor, Suite 802
Sacramento, CA 95814
Telephone: (916) 498-9258
Facsimile: (916) 441-6553

Alexey V. Tarasov, Texas State Bar No. 24075140
alexey@tarasovlaw.com
Seeking *pro hac vice*
5211 Reading Road,
Rosenberg, Texas 77471
Telephone: (832) 623-6250
Facsimile: (832) 558-3540

Attorneys for Defendants,
Stewart Marketing, LLC,
Graylan Stewart

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AUSSIEKER, | **Case No.: 20-cv-994 TLN- DB** |
| Plaintiff | |
| v. | **MEMORANDUM IN SUPPORT OF MOTION TO QUASH SERVICE AND DISMISS FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION** |
| STEWART MARKETING, LLC, GRAYLAN STEWART, | |
| Defendants | |

1

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

FACTS.......................................................................................................................1

ARGUMENT ...........................................................................................................4

I.  MOTION TO QUASH AND DISMISS SHOULD BE GRANTED UNDER FED. R. CIV. P. 12(B)(5). ......................................................................................................4

    A.  No jurisdiction exists when service is improper................................................ 4

    B.  The summons and the complaint directed to both Defendants were served to Mr. Stewart's residence in Oklahoma, where they were received by Mr. Stewart's wife, who does not reside in the home and is not authorized to accept service on behalf of Stewart Marketing. ...................................................................................................... 5

    C.  Plaintiff's service on Stewart Marketing should be quashed and the Defendant dismissed under Fed. R. Civ. Proc. Rule 12(b)(5) due to Plaintiff's failure to properly serve the summons and the complaint......................................................................... 6

    D.  Plaintiff's service on Graylan Stewart Marketing should be quashed and the Defendant dismissed for improper service. ......................................................... 7

II. DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. RULE 12(B)(2). .........................9

    A.  The burden is on plaintiff to establish that defendant has sufficient contacts with California to warrant the exercise of personal jurisdiction..................................... 9

    B.  Plaintiff cannot establish general jurisdiction over Defendants................................ 10

    C.  Plaintiff cannot establish specific jurisdiction over Defendants................................ 11

    (1)  Defendant's acts were not directed toward California. ................................... 12

    (2)  Defendants have no meaningful contacts with California and the alleged acts do not arise from contact with California. ................................................................. 13

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

(3)   **The exercise of personal jurisdiction over Defendants is unreasonable.** ................ 14

**III. ALTERNATIVELY, THIS COURT SHOULD STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION IN *BARR V. AMER. ASSOC. OF POLITICAL CONSULTANTS*** ...................................................................................**15**

**CONCLUSION** .................................................................................**17**

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

# TABLE OF AUTHORITIES

**Supreme Court decisions**

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985). ........................................................................ 13

*Calder v. Jones*,
    465 U.S. 783 (1984). ........................................................................ 12

*Daimler AG v. Bauman*,
    134 S.Ct. 746 (2014). ....................................................................... 10

*Helicopteros Nationales Day Columbia S.A. v. Hall*,
    466 U.S. 408 (1984). ........................................................................ 10

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936). ................................................................... 15, 16

*Perkins v. Benquet Consol Mining Co.*,
    342 U.S. 437 (1952). ........................................................................ 10

*Ryan v. Gonzales*,
    568 U.S. 57 (2013). .......................................................................... 16

**Federal Court decisions**

*Advanced Tactical Ordance Sys., LLC v. Real Action Paintball Inc.*,
    751 F.3d 796 (7th Cir. 2014). ......................................................... 13

*American Association of Political Consultants, Inc. v. FCC*,
    923 F.3d 159 (4th Cir. 2019). ......................................................... 15

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*,
    733 F.2d 1087 (4th Cir.1984). .......................................................... 7

*Ballard v. Savage*,
    65 F.3d 1495 (9th Cir. 1995). ......................................................... 14

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
    45 F.Supp.2d 777 (N.D. Cal. 1998). ......................................... 10, 11

*Cantu v. Platinum Mktg. Grp., LLC*,
    2015 U.S. Dist. LEXIS 90824 (S.D. Tex. July 13, 2015). ............. 13

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

*Core-Vent Corp. v. Nobel Industries AB*,
    11 F.3d 1482 (9th Cir. 1993). ............................................................ 13, 14

*Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*,
    557 F.2d 1280 (9th Cir. 1977). ........................................................... 10

*Dole Food Co, Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002). ........................................................... 12

*John Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001). ............................................................. 13

*Lake v. Lake*,
    817 F.2d 1416 (9th Cir. 1987). ........................................................... 11

*Mattel, Inc. v. Greiner & Hausser GmbH*,
    354 F3d 857 (9th Cir. 2003). ............................................................... 9

*Mobile Anesthesiologists v. Anesthesia Associates of Houston Metroplex*,
    623 F.3d 440 (7th Cir. 2010). ............................................................. 13

*Rano v. Sipa Press Inc.*,
    987 F.2d 580 (9th Cir. 1993). ............................................................. 11

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004). ............................................................. 11

*Sojka v. Loyalty Media, LLC*,
    2015 U.S. Dist. LEXIS 66045 (N.D. Ill. May 15, 2015). .................... 12

*William P. Barr v. American Association of Political Consultants Inc., et al.*,
    No. 19-631. .......................................................................................... 16

*Wright v. EXP Realty, LLC*,
    18-cv-01851, Docket Entry No. 99 (02/07/20). ................................. 16

*Ziegler v. Indian River Cnty*,
    64 F.3d 470 (9th Cir. 1995). ............................................................... 10

**Federal Rules**

Fed. R. Civ. P. 12(b)(2). ............................................................... 1, 9, 10

Fed. R. Civ. P. 12(b)(5). ............................................................ 1, 5, 7, 10

Fed. R. Civ. P. 4(h). ........................................................................ 6, 10

- iv -

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service
and Lack of Personal Jurisdiction*

Fed. R. Civ. P. 4(e)(1). ............................................................................... 6, 10

Fed. R. Civ. P. 4. ...................................................................................... 4, 10

**Federal statutes**

47 U.S.C. § 227(b)(1)(A)(iii). .......................................................................... 16

**State Statutes**

12 OK Stat § 12-2004(C)(1). .......................................................................... 8, 10

12 OK Stat § 12-2004(C)(1)(c)(1). ................................................................... 8, 10

12 OK Stat § 12-2004(C)(1)(c)(3). ................................................................... 7, 10

**Law Review Articles**

Charles W. Adams, *Service of Process under the Oklahoma Pleading Code*,
    20 Tulsa L. J. 137 (2013). ............................................................................ 8

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service
and Lack of Personal Jurisdiction*

This memorandum is submitted on behalf of Stewart Marketing, LLC and Graylan Stewart in support of their motions to quash service and dismiss under Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(2):

## INTRODUCTION

Graylan Stewart has a small business based in Oklahoma City. *See* Graylan Stewart's Decl. at ¶35. His agent called a man in California, Plaintiff, because the man owns property in Oklahoma that Mr. Stewart was interested in trying to buy. *Id.* at ¶11. Plaintiff then called back and negotiated a sale of the property. *Id.* at ¶12. Once the paperwork was done and ready for signature, Plaintiff sued Mr. Stewart and his company for violation of the Telephone Consumer Protection Act ("TCPA"). *Id.* at ¶¶15-20. The conduct of Mr. Stewart or his agent in attempting to become a buyer of real estate in Oklahoma is entirely different from being a seller who solicits random people to buy something. Defendants' conduct never produced the type of harm aimed to be addressed by the TCPA.[1]

## FACTS

Defendant Graylan Stewart is an Oklahoma real estate investor and Stewart Marketing, LLC is a marketing agency in Oklahoma City that is owned by Mr. Stewart. *Id.* at ¶4. Graylan Stewart does business by purchasing and reselling off-market properties in the Oklahoma City area. *Id.* at ¶5.

Sometime in May 2020, Defendant Graylan Stewart became interested in an Oklahoma City area property located at 1201 SW 49th St, Oklahoma City, OK 73109. *Id.* at ¶6. The subject

---

[1] The TCPA was enacted in 1991 to protect consumers from the privacy invasion caused by incessant automated and prerecorded calls, often called "robocalls." The TCPA's goal is to protect Americans from scammers who use robocalls to prey on consumers.

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

property was identified as belonging to Plaintiff. *Id.* Plaintiff apparently obtained interest in the property as the holder/assignee of a contract for deed, which he acquired from the trustee in bankruptcy in January 2020. *See In Re Manuel Jesus Hernandez*, 12-15869-SAH, Docket Entry No. 81-1 (Bankr. W.D. Ok. 10/15/19).[2] Defendants expressed interest in the property because they had just recently been involved in acquiring another property situated close to Plaintiff's property. *Id.* at ¶8.

Mr. Aussieker, who is himself a licensed California realtor, *id.* at ¶27, claims that Defendant called his personal cell phone by auto dialer five times. Complaint at ¶33. Defendant's well documented call history states otherwise. *See* Graylan Stewart's Decl. at ¶9. The initial call was on 5/15/20 at 10:49 am and was triggered by Plaintiff's response to a ringless voice message by pressing "1" to be connected to a live agent. *Id.* at ¶¶10-11. There was also an option "2" (which Plaintiff quotes in his complaint) that says "press '2' and you will be removed from any further contact." *Id.* Mr. Aussieker pressed "1" and talked to Defendant's assistant, Riza, and then to acquisitions manager Ashley Dikes. *Id.* at ¶12. In his conversation, Plaintiff expressed interest in selling his property due to "needing the money badly." *Id.* Plaintiff spent a considerable amount of time speaking with Defendant's agent and answering questions about a home that he has an ownership interest in within Oklahoma. *Id.* at ¶13.

Mr. Aussieker asked for a cash offer on his property and asked for a callback with the offer as soon as possible. *Id.* at ¶14. Plaintiff was then again contacted per his request and Defendants sent an e-sign Purchase Agreement to Plaintiff's email. *Id.* at ¶15. After the Purchase Agreement was e-mailed, Mr. Aussieker texted Defendants to let them know he would be e-

---

[2] Trustee's Notice of Intent to Sell or Discount Estate's Interest in a Contract for Deed.

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

mailing pictures of his property. *Id.* Twenty-four minutes later Defendants received another text asking questions about Defendants' business and the internal do-not-call policy. *Id.* at ¶16. Stewart Marketing responded that it hired a third-party company for its leads and then proceeded to call Mr. Aussieker, at which point he told Stewart Marketing's agent "you got caught." *Id.* at ¶17. Plaintiff said he wasn't interested in selling his property. *Id.* at ¶18. The agent asked what Plaintiff wanted and he replied by threatening a lawsuit and saying that Stewart Marketing broke do-not-call laws. *Id.* Stewart Marketing's agent apologized for any miscommunication, informing Plaintiff that he will be put on the company's do-not-call list, so that Plaintiff would never again be contacted. *Id.* at ¶19. Plaintiff proceeded to explain that he will be demanding settlement in court. *Id.* at ¶20. At that point, the agent claimed they were at an impasse and the call ended. *Id.* at ¶21. Defendants immediately added Plaintiff's name to Stewart Marketing's do-not-call list. *Id.* at ¶22.

Contrary to Plaintiff's suggestion that the agent didn't identify herself or her company, from the beginning of the conversation, Mr. Aussieker was supplied with personal information and was sent an email with all identifying information. *Id.* at ¶23.

After getting threatening and antagonistic e-mails from Plaintiff asking "have you got a lawyer yet?" and promises of settling in court, Defendants looked up Mr. Aussieker on Google. *Id.* at ¶24. Plaintiff's lengthy messages citing statutes were sent within minutes after ending the conversation with the agent. *Id.* at ¶25. What Defendants saw online was shocking and very disturbing: a history of Mr. Aussieker's being a serial plaintiff with over 26 lawsuits filed in the Eastern and Central Districts of California since 2018. *Id.* at ¶26.

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

**ARGUMENT**

This action must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2) because the service of process is improper and there is no personal jurisdiction over Defendants in the state of California. This Court should quash service on both Defendants and dismiss the case due to Plaintiff's failure to properly serve Stewart Marketing and Graylan Stewart, inasmuch as the summons and the complaint were delivered to Mr. Graylan's wife who lives in another state. Further, Plaintiff's Complaint, which raises two (2) claims against Defendant pursuant to the TCPA based on a call from Defendants' place of business in Oklahoma to Plaintiff's number, utterly fails to establish any sufficient contacts between Defendants and the state of California or allege that Defendants purposefully availed themselves of a California forum. Plaintiff has not and cannot meet his burden to establish that personal jurisdiction exists over Defendants in California, as Defendants, an Oklahoma company and its owner, do not conduct any business within California. Nevertheless, despite Defendants' residence in Oklahoma, lack of any contact with the state of California, Plaintiff has improperly brought the instant Complaint in federal court in California. Accordingly, Defendants' Motion to Dismiss must be granted in its entirety.[3]

## I.   MOTION TO QUASH AND DISMISS SHOULD BE GRANTED UNDER FED. R. CIV. P. 12(B)(5).

### A.    No jurisdiction exists when service is improper.

Federal courts do not have personal jurisdiction over defendants unless they are served properly under Fed. R. Civ. P. Rule 4; *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.,*

---

[3] In the event that the Court is not inclined to grant Defendants' Motion to Dismiss, Defendants respectfully request that this Court stay all proceedings in this case pending the United States Supreme Court's decision in *William P. Barr v. American Association of Political Consultants Inc., et al.*, No. 19-631.

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

*Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Without compliance with Rule 4, mere notice to the

defendant does not provide personal jurisdiction. *Id.* Rule 12(b)(5) permits a defendant to

challenge a plaintiff's method of service. *See e.g., Cranford v. U.S.*, 359 F.Supp.2d 981, 984

(E.D. Cal. 2005). When service is challenged, the plaintiff bears the burden to demonstrate valid

service. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.

1993). Where service is not demonstrated to be sufficient, the purported service shall be quashed

and the Court may dismiss the action against such defendant. *See, e.g., Montalbano v. Easco

Hand Tools, Inc.*, 766 F.2d 737, 740 (2nd Cir. 1985); *Cranford*, 359 F.Supp.2d at 984.

**B.      The summons and the complaint directed to both Defendants were served to Mr. Stewart's residence in Oklahoma, where they were handed to Mr. Stewart's wife, who does not reside in the home and is not authorized to accept service on behalf of Stewart Marketing.**

On May 19, 2020, the Court issued a summons directed to "Graylan Stewart, Stewart

Marketing, LLC." Although docket entries indicate "Service by Mail" on the same date, there is

no return of service on file. As stated in the attached declaration, a process server delivered

copies of the summons and the complaint to Mr. Stewart's residential address in Oklahoma

(1916 NW 172nd Street, Edmond, OK 73012), where the documents were handed to Monica

Stewart on June 3, 2020. *See* Monica Stewart's Decl. at ¶¶7-8. While Mrs. Stewart is the spouse

of Graylan Stewart, the two do not live together. *Id.* at ¶2. In effect Mrs. Stewart resides in

Colorado at 2636 Scoter Ln, Castle Rock, CO 80104. *Id.* at ¶3. On the day at issue, she was in

Oklahoma to attend the graduation of Mr. Graylan's daughter. *Id.* at ¶6. Mrs. Stewart's presence

in Oklahoma was temporary, as she visits Oklahoma, on average, three-to-four times per year.

*Id.* at ¶5.

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service
and Lack of Personal Jurisdiction*

**C.** **Plaintiff's service on Stewart Marketing should be quashed and the Defendant dismissed under Fed. R. Civ. Proc. Rule 12(b)(5) due to Plaintiff's failure to properly serve the summons and the complaint.**

Service of the summons and the complaint on a legal entity is governed by Fed. R. Civ. P. 4(h):

> **Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:**
>
> **(i) in a judicial district of the United States:**
>
> > **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

*See* **Fed. R. Civ. P. Rule 4(h).**

Rule 4(e)(1), in turn, as it applies here, permits service to be effected in the manner prescribed by law for summonses in Oklahoma.

Here, it is beyond dispute that the summons and complaint were not delivered to an officer, a managing or general agent, or other agent authorized to receive service of process on Stewart Marketing. *See* Monica Stewart's Decl. at ¶9; *see also* Graylan Stewart's Decl. at ¶32. Therefore, service was not valid under Fed. R. Civ. P. 4(h).

In addition, under Oklahoma law, service on Stewart Marketing may be made to "a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute

- 6 -

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

so requires, by also mailing a copy to the defendant." *See* 12 OK Stat § 12-2004(C)(1)(c)(3). Service here was not personally made (or otherwise made) on the registered agent or any officer or director of Stewart Marketing, LLC. *See* Monica Stewart's Decl. at 3, 5. Therefore, there has been no valid service of process in this case on the corporate Defendant.

Absent an election by a defendant to waive service of process, "[a]ttempted service . . . is ineffectual . . . [and] at that point, the plaintiff must seek to accomplish personal service on the defendant." *Convergence Tech. (USA), LLC v. Microloops Corp.*, 711 F.Supp.2d 626, 631 (E.D. Va. 2010) (quoting *Johnson v. Warner*, 2009 WL 586730, at *1 (W.D. Va. Mar. 6, 2009) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984)). Therefore, Plaintiff's delivering the Complaint to Mr. Stewart's wife, a party not named in the action, cannot be valid service. Service of the summons on Stewart Marketing herein must therefore be quashed.

**D.      Plaintiff's service on Graylan Stewart should be quashed and the Defendant dismissed for improper service.**

For similar reasons, Plaintiff's service on Graylan Stewart should be quashed and the suit dismissed under Fed. R. Civ. P. Rule 12(b)(5). The Federal Rules of Civil Procedure provide that service can be made upon an individual in any of the following ways:

> **(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:**
>
> > **(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or**
> >
> > **(2) doing any of the following:**

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

**(A) delivering a copy of the summons and of the complaint to the individual personally;**

**(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or**

**(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.**

*See* **Fed. R. Civ. P. Rule 4(e).**

As has already been demonstrated, Plaintiff's attempted service does not meet the statutory requirements. The summons was not delivered to Mr. Graylan personally. *See* Graylan Stewart's Decl. at ¶31. Neither were the papers left at Mr. Graylan's usual place of abode with someone residing therein. *See* Monica Stewart's Decl. at ¶¶3-4.

Plaintiff's attempted service likewise fails to comport with Oklahoma law. For individual defendants, Oklahoma law allows service by personal delivery, *see* 12 OK Stat § 12-2004(C)(1), or through substituted service by leaving a copy of the summons and petition at the defendant's residence with a person who lives there and is at least 15 years of age. *See* 12 OK Stat § 12-2004(C)(1)(c)(1). While the person receiving the papers does not have to be a member of the defendant's family, the recipient is required to be a full-time resident in the defendant's home. *See* Charles W. Adams, *Service of Process under the Oklahoma Pleading Code*, 20 Tulsa L. J. 137, 151 (2013)[4]. In all, Plaintiff failed to effect proper service in this matter upon Mr. Graylan, and the lawsuit should be dismissed on that ground.

---

[4] Available at: https://digitalcommons.law.utulsa.edu/tlr/vol20/iss2/1 (accessed June 24, 2020).

- 8 -

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

## II.   DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. RULE 12(B)(2).

Defendant Stewart Marketing is an Oklahoma limited liability company with its principal place of business in Oklahoma City. Graylan Stewart's Decl. at ¶35. As a small company, Stewart Marketing has only one location, which is at Mr. Stewart's home in Oklahoma. *Id.* The only other state where Defendants conduct business besides Oklahoma is Colorado, and even there on a very limited basis. *Id.* at ¶37. Defendant Graylan Stewart is an individual real estate investor doing business in Oklahoma. *Id.* at ¶4. Forcing Defendants to defend a lawsuit in California is an egregious display of forum shopping, as Defendants have never conducted any business in the state and have no connections to the forum, other than the phone calls at issue in this suit.

### A.   The burden is on plaintiff to establish that defendant has sufficient contacts with California to warrant the exercise of personal jurisdiction.

The only basis for the assertion of personal jurisdiction over Defendants in the Complaint is Plaintiff's allegation that "Defendants called into the forum state by targeting a phone number in that forum and targeted the plaintiff." *See* Complaint at ¶10. Plaintiff provides absolutely no facts to support his contention that Defendant does any business in California whatsoever. As such, Plaintiff cannot sustain his burden of establishing personal jurisdiction over Defendants, and the action must be dismissed pursuant to Rule 12(b)(2). *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F3d 857, 862 (9th Cir. 2003) (plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant).

In order for a forum to exercise personal jurisdiction over a non-resident defendant, due process requires that "he have certain minimum contacts with it such that the

- 9 -

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

maintenance of the suit does not offend 'traditional notions of fair play and substantial

justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation

omitted).

Under Rule 12(b)(2), this Court may decide the issue of personal jurisdiction on the

basis of affidavits and documentary evidence submitted by the parties, or hold an evidentiary

hearing regarding the matter. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285

(9th Cir. 1977). Whatever procedure is used, the plaintiff bears the burden of establishing

personal jurisdiction. *Ziegler v. Indian River Cnty*, 64 F.3d 470, 473 (9th Cir. 1995). Here,

Plaintiff simply has not and cannot meet this burden. As discussed below, Defendants did not

have any substantial contacts with the State of California, nor did they engage in any other

forum-related activities upon which an assertion of personal jurisdiction could be based.

**B.      Plaintiff cannot establish general jurisdiction over Defendants.**

General jurisdiction, properly invoked, allows a federal court to hear a claim against

the defendant, even one unrelated to defendant's activities in the forum state. *Perkins v.

Benquet Consol Mining Co.*, 342 U.S. 437, 445 (1952). General jurisdiction is present only if

the non-resident's activities in the forum are "substantial" or "continuous and systematic."

The standard for establishing general jurisdiction is "fairly high" and requires contacts

substantial enough to approximate physical presence. *Bancroft & Masters, Inc. v. Augusta

Nat'l Inc.*, 45 F.Supp.2d 777 (N.D. Cal. 1998); *Helicopteros Nationales Day Columbia S.A.

v. Hall*, 466 U.S. 408, 414-416 (1984); *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014) (a

corporate defendant is typically subject to general personal jurisdiction only in its place of

incorporation and its principal place of business.)

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service
and Lack of Personal Jurisdiction*

General jurisdiction is clearly lacking in this case. Plaintiff's Complaint alleges no facts whatsoever that would support an assertion of general jurisdiction in California for claims against the Defendants. Stewart Marketing is incorporated in the state of Oklahoma and its principal place of business is in the Oklahoma City area. *See* Graylan Stewart's Decl. at ¶35. Mr. Stewart is a natural person domiciled in Oklahoma. Neither Defendant has ever done any business in California, and there are no contacts with California substantial enough to approximate the Defendants' presence there. *Bancroft & Masters*, 223 F.3d at 1083. The assertion of general jurisdiction over Defendants in California would, therefore, be improper.

### C.    Plaintiff cannot establish specific jurisdiction over Defendants.

Specific jurisdiction must exist in order for Plaintiff's claims to be heard in this Court. Specific jurisdiction exists only when the claim for relief arises directly out of the non-resident's forum-related activities. *Rano v. Sipa Press Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). Courts apply a three-part test to determine if the plaintiff has established specific jurisdiction: (1) the nonresident defendant must perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must comport with principles of fair play and substantial justice. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). All three prongs must be met, and the inability to satisfy any of the aforementioned prongs will result in the failure to establish jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor* Co., 374 F.3d 797, 802 (9th Cir. 2004).

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

**(1) Defendant's acts were not directed toward California.**

The Ninth Circuit analyzes the first prong for personal jurisdiction, purposeful availment and purposeful direction, as two separate analyses. In tort cases involving purposeful direction, the Court evaluates such prong under the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). *See Dole Food Co, Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002). Under *Calder*, the "effects" test requires that the defendant allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.*

Defendants did not engage in any intentional actions directed at California, as they intended to purchase a home in Oklahoma and reached out to the number listed for the owner of the Oklahoma property. *See* Graylan Stewart's Decl. at ¶40. Defendant's work consists of purchasing and reselling off-market properties in Oklahoma. *Id.* at ¶39. Defendant does not solicit sales of products or services over the telephone. *Id.* While Defendants may have had Plaintiff's phone number, Defendants' agent did not specifically target Plaintiff as a resident of California in contacting him to inquire if he had an interest in selling real estate in Oklahoma. *Id.* at ¶40. Defendants did not purposefully avail themselves to California because they did not market to or solicit services in California, nor do they offer service to any customers in California. *Id.* at ¶41. In *Sojka v. Loyalty Media, LLC*, 2015 U.S. Dist. LEXIS 66045 *7 (N.D. Ill. May 15, 2015), the court held that promotional text messages sent from a Colorado restaurant to an Illinois phone number that was redeemable only at a restaurant's Colorado location did not confer specific personal jurisdiction on the defendant in Illinois. The Court further opined that "text message 'contacts' are random, fortuitous and attenuated,

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

and cannot form the basis of specific personal jurisdiction." *Id.*, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *see also Advanced Tactical Ordance Sys., LLC v. Real Action Paintball Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) ("the mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction"); *Mobile Anesthesiologists v. Anesthesia Associates of Houston Metroplex*, 623 F.3d 440, 447 (7th Cir. 2010) ("the cases that have found express aiming have all relied on evidence beyond the plaintiff's mere residence in the forum state"). Like the defendant in *Sojka*, Graylan Stewart and Stewart Marketing did not operate in the forum state, or target customers there. *Id.* at ¶41. Accordingly, Defendant did not intend to serve the California market and therefore, did not purposefully avail itself to the California forum. *See Cantu v. Platinum Mktg. Grp., LLC*, 2015 U.S. Dist. LEXIS 90824 (S.D. Tex. July 13, 2015) (contacting a cell phone number area code assigned to a particular state, by itself, is insufficient to establish personal jurisdiction over an out-of-state defendant when the call gives rise to an alleged claim under the TCPA).

**(2) Defendants have no meaningful contacts with California and the alleged acts do not arise from contact with California.**

The second requirement for specific personal jurisdiction is that plaintiff's claim arises out of defendant's forum-related activities. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). In analyzing whether the plaintiff's claim arises out of defendant's forum-related activities, the courts apply a "but for" test. *John Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). The "but for" test is a simple test where a plaintiff must demonstrate that the plaintiff's claims against a defendant would not have arisen "but for" the defendant's contact with the forum state. *See Ballard v. Savage*, 65 F.3d 1495, 1500

- 13 -

(9th Cir. 1995). Here, Plaintiff cannot meet the burden of demonstrating that his claim arises out of Defendants' forum-related activities, as Defendants did not engage in any activities in California. *See* Graylan Stewart's Decl. at ¶38. Significantly, the Plaintiff here cannot show that but for Stewart's contact with California, the claim would not have accrued. Even if Graylan Stewart's company made no contacts with California, Mr. Aussieker's claim would exist. The claim would exist if Mr. Aussieker's answered his mobile number while located in any other state aside from California.

**(3) The exercise of personal jurisdiction over Defendants is unreasonable.**

If Plaintiff meets its burden in satisfying the first two prongs, then the Court must analyze the third and final prong for jurisdiction, reasonableness, by considering the following seven factors: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp.*, 11 F.3d at 1487-88. None of the factors are dispositive, and they must be balanced together. *Id.*

Subjecting Defendant Graylan Stewart and his company Stewart Marketing, a small business in Oklahoma, to jurisdiction halfway across the United States would be patently unreasonable. *See* Graylan Stewart's Decl. at ¶42. As explained above, Defendants did not purposefully inject themselves into any affairs in California, as they merely sought to purchase real property in Oklahoma. *Id.* at ¶8. Defendants have no presence in California and

- 14 -

1    would be extremely burdened by having to defend themselves against a lawsuit in California.

2    *Id.* at ¶43.

3    ### III.   ALTERNATIVELY, THIS COURT SHOULD STAY PROCEEDINGS PENDING
4    SUPREME COURT'S DECISION IN *BARR V. AMER. ASSOC. OF POLITICAL
     CONSULTANTS*.

5           The constitutionality of the TCPA remains in question, with a recent grant of

6    certiorari from the Supreme Court. Should the Court not find Defendants' arguments

7    regarding dismissal persuasive, Graylan Stewart and Stewart Marketing would respectfully

8    request that this Court stay all proceedings in this case pending the United States Supreme

9    Court's decision in *William P. Barr v. American Association of Political Consultants Inc., et

10   al.*, No. 19-631. On January 10, 2020, the United States Supreme Court granted writ of

11   certiorari to the United States Court of Appeals for the Fourth Circuit's decision in *American

12   Association of Political Consultants, Inc. v. FCC*, 923 F.3d 159 (4th Cir. 2019). The decision

13   has the potential to moot this action, as the Supreme Court is reviewing whether the statute

14   on which Plaintiff relies – the TCPA – is constitutional. The question that the Supreme Court

15   will address is as follows:

16                 **Whether the government-debt exception to the TCPA's
17                 automated-call restriction violates the First Amendment, and
                   whether the proper remedy for any constitutional violation is to
18                 server the exception from the remainder of the statute.**

19          "[T]he power to stay proceedings is incidental to the power inherent in every court to

20   control the disposition of the causes on its docket with economy of time and effort for itself,

21   for counsel, and for litigants. How this can best be done calls for the exercise of judgment,

22   which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*,

23   299 U.S. 248, 254-55 (1936) (citation omitted.). "[T]he decision to grant a stay . . . is

24

- 15 -

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service
and Lack of Personal Jurisdiction*

1   'generally left to the sound discretion of district courts.' (Citation omitted.)" *Ryan v.*

2   *Gonzales*, 568 U.S. 57, 74 (2013). Here, because this case mainly rests on alleged violations

3   of 47 U.S.C. § 227(b)(1)(A)(iii) – which the Supreme Court will analyze as to whether its

4   content-based restrictions violate the First Amendment – this Court should stay all

5   proceedings in this case pending the Supreme Court's forthcoming decision.

6          The Supreme Court's decision will provide substantial guidance to this Court and the

7   parties in resolving this dispute. *See Landis*, 299 U.S. at 253 (holding that a stay may be

8   warranted where the resolution of other litigation will likely "narrow the issues in the

9   pending cases and assist in the determination of the questions of law involved"). Proceedings

10  in the absence of such guidance will be inefficient, waste the resources of the Court and the

11  parties, and potentially result in an inconsistent ruling that will need to be corrected in light of

12  any decision by the Supreme Court. Good cause therefore exists, for reasons of judicial

13  efficiency and economy, to stay the proceedings. The requested stay of proceedings is

14  reasonable and will not prejudice Plaintiff, as the stay will be brief. Defendants thus

15  respectfully request that this Court stay this case pending disposition of the petition for writ

16  of certiorari in *William P. Barr v. American Association of Political Consultants Inc., et al.*,

17  No. 19-631. *See Wright v. EXP Realty, LLC*, 18-cv-01851, Docket Entry No. 99 (02/07/20)

18  (stay of a TCPA action granted).

19

20

21

22

23

24

*Memorandum in Support of Motion to Quash Service and Dismiss for Improper Service and Lack of Personal Jurisdiction*

**CONCLUSION**

The United States, in general, and Oklahoma, in particular, have had a rich history of unsolicited offers for real estate and for mineral interests.[5] People and companies tend to enjoy a premium, usually a significant one, in off-market transactions precisely because a particular property is not on the market. It is not sound public policy to take away this real world opportunity from countless property owners on the notion that the societal need to protect the sensitivity of a small handful of people[6] outweighs the vast opportunities for property owners to reap a premium.

**WHEREFORE**, for all of the foregoing reasons, the service of the summons and the complaint herein on Defendants should be quashed and the matter dismissed for improper service and lack of jurisdiction.

Alternatively, the matter should be stayed as requested herein.

Dated June 24, 2020.                    Respectfully Submitted,

By:_*Mark Reichel*
MARK REICHEL

---

[5] For instance, between June and September 2013, as many as six real estate developers submitted unsolicited offers for the Empire State Building, with bids topping $2.3 billion. *In re Empire State Bldg. Assocs., LLC.*, 2014 NY Slip Op 31900(U) (N.Y. Sup. Ct. 2014).
[6] All they have to do if they receive a call for an unsolicited offer is to say "Sorry, I'm not interested" and politely hang up.

- 17 -